IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LEVI NESMITH            )
                        )
     v.                 )    NO. 3:17-1371
                        )
HOSPICE COMPASSUS       )

TO:  Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

By Order entered October 25, 2017 (Docket Entry No. 4), this *pro se* case was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72 (b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Pending before the Court is Defendant's motion to dismiss (Docket Entry No. 7), to which Plaintiff has responded in opposition. *See* Docket Entry No. 10. For the reasons set out below, the undersigned Magistrate Judge respectfully recommends that the motion be granted and this action be dismissed.

## I. BACKGROUND

Levi Nesmith ("Plaintiff") is a former employee of Hospice Compassus ("Defendant"), a business located in Brentwood, Tennessee. On October 13, 2017, he filed this *pro se* and *in forma pauperis* lawsuit against Defendant seeking relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"). Plaintiff asserts that he was terminated from his employment on September 3, 2015, and brings claims for wrongful termination due to his race, color, and sex. He also brings a claim for unlawful retaliation for having filed a charge of discrimination. *See* Complaint (Docket Entry No. 1) at 2-3.

The complaint itself contains essentially no supporting factual allegations. However, attached to the complaint is a Charge of Discrimination ("EEOC Charge") filed by Plaintiff with the Tennessee Human Rights Commission on May 26, 2016, in which he complains of racial discrimination and retaliation. The EEOC Charge states:

> I was hired by [Hospice Compassus] on February 28, 2015, as an Accounts Receivable Representative. On or about September 3, 2015, I was discharged. My attendance was better than my peers, who were not discharged. On or about September 10, 2015, I communicated to Manager Pam Tribby that I had missed work in the past in order to discuss discrimination with the EEOC regarding my previous employers. I requested confidentiality regarding our conversation. Several weeks later I was contacted by Human Resources Director Lamar Wade, who informed me that he had conducted an investigation and that the decision to discharge me was being upheld. Due to the breach of confidentiality by conducting an investigation, I am certain that I am now receiving and will continue to receive unfavorable references as I search for future employment.
>
> I believe that I was discriminated against because of my race (African American) and in retaliation for opposing unlawful employment practices, in violation of Title VII of the Civil Rights Act of 1964, as amended.

*See* Complaint at 6. Because of the absence of factual allegations in the complaint, the Court construes the allegations contained in the EEOC Charge to be the underlying factual allegations for Plaintiff's claims.

In lieu of an answer, Defendant filed the pending motion to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant argues that, even if the EEOC Charge is viewed as providing supporting factual allegations, these allegations fail to state claims upon which relief can be granted. Defendant raises three grounds for dismissal: (1) with respect to his wrongful termination claims, Plaintiff fails to set forth factual allegations showing that he was treated differently than similarly situated employees who were outside the protected classes or that he was replaced by someone outside of the protected classes; (2) Plaintiff's claims for color and sex discrimination were not included in Plaintiff's EEOC Charge and, thus, have not been administratively exhausted; and (3) with respect to his retaliation clam, Plaintiff fails to set forth any factual allegations showing that he suffered an adverse employment action because of his alleged protected activity. *See* Memorandum in Support (Docket Entry No. 8).

Plaintiff filed a response in opposition to the motion to dismiss, but the response does not set out any actual arguments and does not address the specific grounds for dismissal raised by Defendant. *See* Docket Entry No. 10. Instead, Plaintiff merely attaches to his response: (1) three documents from a Charge of Discrimination he filed on August 31, 2015, about alleged discrimination and retaliation at one of his prior employers, *see* Docket Entry No. 10 at 5-7; (2) a page from what appears to be Defendant's employee handbook, *id*. at 8; and (3) a page from what appears to be Defendant's response to the EEOC Charge Plaintiff filed regarding his employment with Defendant. *Id*. at 9. Plaintiff also attaches a new prayer for relief that amends his original prayer for relief to include specific amounts of monetary damages and a request for an "apology and admission of wrongful termination." *Id*. at 3. Although unexplained by Plaintiff, the attachments appear to be an attempt by Plaintiff to prove the underlying merits of his claims.

In a reply to the response, Defendant points out that Plaintiff fails to respond to its actual arguments for dismissal. Defendant also argues that none of the attachments offered by Plaintiff cure the deficiency in his complaint concerning the lack of supporting factual allegations for Title VII claims. *See* Reply (Docket Entry No. 13).

## II. ANALYSIS

A motion to dismiss filed under Rule 12(b)(6) is reviewed under the standard that the Court must accept as true all of the well-pleaded allegations contained in the complaint and construe the complaint in the light most favorable to Plaintiff. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). Because Plaintiff is a *pro se* litigant, the Court is also required to view his complaint with some measure of a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Although the complaint need not contain detailed factual allegations, the factual allegations supplied must be enough to show a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-61, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct.

1937, 173 L.Ed.2d 868 (2009). In reviewing the sufficiency of the complaint, the Court need not accept as true legal conclusions or unwarranted factual inferences. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000). The complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).[1]

After review of the parties' filings, the Court finds that the motion to dismiss should be granted. Plaintiff's claims for wrongful termination because of color and sex discrimination should be dismissed because they were not included in Plaintiff's EEOC Charge. The general rule is that a plaintiff cannot bring a federal employment discrimination claim in a lawsuit if the underlying allegations for the claim were not previously included in an EEOC charge of discrimination. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010). Plaintiff has not offered any argument as to why his failure to include these specific claims in his EEOC Charge should be excused. In his EEOC Charge, Plaintiff neither mentioned facts about sex or color discrimination that would reasonably lead to an investigation of these claims nor checkmarked the boxes for these two claims that were options on the form that he filled out.

Additionally, these two claims, as well as Plaintiff's claim of racial discrimination, are not buttressed by factual allegations that support plausible claims for relief. The main underlying allegation for each of these claims is the allegation that Plaintiff was terminated but that his "attendance was better than my peers, who were not discharged." *See* Complaint at 6. Even if the Court accepts as true the allegation that Plaintiff had co-workers who were not terminated despite having comparatively worse work attendance records, this allegation does not set forth any facts linking the alleged differing conduct to unlawful discrimination by Defendant because of race, color, or sex. At best, Plaintiff has alleged that he was treated unfairly or differently than generically

---

[1] Because the purpose of a motion to dismiss brought under Rule 12(b)(6) is to test the sufficiency of the allegations in the complaint and not to decide the merits of the case, the Court has not taken into consideration the evidentiary material submitted by Plaintiff as exhibits to his response to the motion to dismiss.

described "peers." However, Title VII does not address general unfairness in the workplace. *See Washington v. Cambridge East*, 2012 WL 5363785 at *3 (E.D. Mich. Oct. 30, 2012).

Plaintiff's claim of unlawful retaliation should also be dismissed. Title VII makes it unlawful for an employer to retaliate against an employee because the employee has opposed unlawful discrimination or made a charge of discrimination. 42 U.S.C. § 2000e–3(a). Plaintiff's own allegation is that he was terminated prior to informing his manager that he had missed work because of a need to meet with the EEOC about a Charge of Discrimination that he had filed against former employer. There are no factual allegations that show, or even reasonably infer, that Defendant terminated Plaintiff as retaliation against him because he was involved in protected activity. Further, Plaintiff's own allegations suggest that his retaliation claim is not based upon any actual retaliatory action that was taken by Defendant but is, instead, based upon his belief that Defendant will give unfavorable references to possible future employers about him. This belief is entirely conclusory and is based upon pure speculation. Such a speculative allegation will not support a claim for relief. *See League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) ("The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief.")

The recommendation for dismissal is not based on a conclusion that Plaintiff's allegations fail to state *prima facie* claims for relief, an argument that Defendant appears to assert. *See* Docket Entry No. 8 at 4 and 6. At the pleading stage, Plaintiff is not required to plead facts that satisfy the *prima facie* case requirement that is part of the *McDonnell Douglas* burden shifting analysis used in review of employment discrimination cases. *Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012). However, Plaintiff is required to set forth factual allegations that are sufficient to state a plausible claim under the theory of recovery set out in his complaint, and speculative and subjective conclusions are not sufficient to state plausible claims. *See Veasy v. Teach for Am., Inc.*, 868 F.Supp.2d 688, 696 (M.D. Tenn. 2012). Merely positing a theory of legal liability that is unsupported by specific factual allegations does not state a claim for relief which survives a motion

to dismiss. *See Iqbal*, 556 U.S. at 678-79. Plaintiff's sparse and threadbare complaint simply fails to set forth facts satisfying the minimal standard required to state a plausible claim for relief under Title VII. The Court is not required to supply or assume facts that are not pled in the Complaint or to create viable claims for Plaintiff that are not pled by him. *See Bell v. Tennessee*, 2012 WL 996560, *9 (E.D. Tenn. March 22, 2012) (quoting *Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215 (6th Cir. 2000).

**R E C O M M E N D A T I O N**

For the reasons set out above, it is respectfully RECOMMENDED that Defendant's motion to dismiss (Docket Entry No. 7) be GRANTED and that this action be DISMISSED as to all claims.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge