UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LEVI NESMITH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:17-01371 |
| | )   Judge Aleta A. Trauger |
| HOSPICE COMPASSUS, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM & ORDER

On February 26, 2018, the magistrate judge issued a Report and Recommendation (Docket No. 14), to which the plaintiff, Levi Nesmith, has filed an Objection (Docket No. 15), and the defendant, Hospice Compassus, has filed a Response (Docket No. 17). The Report and Recommendation recommends that Hospice Compassus's Motion to Dismiss (Docket No. 7) be granted and this case be dismissed.

When a magistrate judge issues a Report and Recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The court may decline to review any objections that are not "proper." To qualify as proper, "objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Objections must therefore be specific; an objection to the report in general is not sufficient and

1

will result in waiver of further review. *Miller*, 50 F.3d at 380. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x. 354, 356 (6th Cir. 2001) (citing *Miller*, 50 F.3d at 380). The Sixth Circuit has explained that this specificity requirement is necessary in order to conserve judicial resources. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object," and requiring review of such an objection would "mak[e] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.").

Nesmith originally brought claims for wrongful termination due to his race, color, and sex and an unlawful retaliation claim based on his filing charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"). The magistrate judge recommends dismissing Nesmith's color and sex discrimination claims because they were not included in his EEOC charge and were not supported by any factual allegations. She further recommends dismissing Nesmith's race discrimination and retaliation claims on the grounds that they were not supported by sufficient factual allegations. Nesmith's objection does not address the reasoning set forth by the magistrate judge in her Report and Recommendation. Instead, Nesmith focuses on new causes of action that were not alleged in his Complaint. His filing deals with purported violations of federal healthcare laws, as well as tort claims for intentional infliction of emotional distress and invasion of privacy. Because Nesmith's objection document

attempts to improperly amend the allegations in his Complaint, it is not a proper objection to the Report and Recommendation.

In addition to raising new causes of action, Nesmith offers a host of new factual allegations. Many of these new allegations are completely irrelevant recitations of previous discrimination charges brought by Nesmith against former employers—they do not involve Hospice Compassus in any way. Nesmith makes no new allegations that would support a claim of sex, color, or race discrimination against Hospice Compassus, nor does he offer reasoning as to why the court should consider the sex and color discrimination claims despite his failure to raise them with the EEOC. The only factual allegations Nesmith brings in support of his retaliation theory are claims that Hospice Compassus made various complaints about his attendance around or on days when he was visiting the EEOC office to discuss discrimination charges.

The Magistrate Judge was ruling upon a motion to dismiss, and she applied the proper standard. To survive a motion to dismiss, a complaint's allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action," but, instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679; *Twombly*, 550 U.S. at 556. A pro se complaint "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Thus, a pro se complaint "can

only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*. However, pro se plaintiffs must still meet minimal standards under the Federal Rules of Civil Procedure. *See Perry v. United Parcel Serv.*, 90 F. App'x 860, 861 (6th Cir. 2004) ("[T]he courts have not been willing to abrogate basic pleading essentials in pro se suits. [M]ore than bare assertions of legal conclusions are ordinarily required to satisfy federal notice pleading requirements.") (internal citations and quotations omitted)).

To succeed on a retaliatory discrimination claim, Nesmith must establish that "his exercise of such protected activity was known by the defendant" when he was fired. *Laster v. City of Kalamazoo*, 746 F.3d 714, 730 (6th Cir. 2014). In his Complaint, he acknowledges that he did not inform Hospice Compassus until a week after his termination that he had missed work to visit the EEOC. *See* Docket No. 1 at 6 ("On or about September 3, 2015, I was discharged . . . On or about September 10, 2015, I communicated to Manager Pam Tribby that I had missed work in the past in order to discuss discrimination with the EEOC regarding my previous employers."). The Magistrate Judge was correct that these facts are insufficient to state a claim for Title VII retaliation discrimination, and Nesmith offers no specific objection as to why this finding was incorrect. Moreover, the new facts Nesmith alleges do not change this timeline. He alleges only that Hospice Compassus confronted him about attendance issues on or around days he missed work. He does not argue that the Magistrate Judge misinterpreted his Complaint. The allegation that the defendant knew why he missed work on those days is simply not in the Complaint, and he does not, even now, allege that the defendant had that knowledge before he was fired. Even under the less stringent standards applied to pro se plaintiffs, Nesmith cannot

4

state a claim for Title VII retaliation discrimination because he pleads no facts establishing that Hospice Compassus knew he was engaged in protected activity when it fired him.

For these reasons, the Report and Recommendation is ACCEPTED and made the findings of fact and conclusions of law of this court. For the reasons expressed therein and herein, it is hereby **ORDERED** that Hospice Compassus's Motion to Dismiss (Docket No. 7) is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**. This Order constitutes the judgment in this case.

It is so ORDERED.

ENTER this 1st day of June 2018.

_____
ALETA A. TRAUGER
United States District Judge