IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LEVI NESMITH, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 3:17-cv-1371 |
| ) | |
| HOSPICE COMPASSUS ) | |
|     Defendant. ) | |

**TO:** Honorable Aleta A. Trauger, District Judge

### REPORT AND RECOMMENDATION

Pending before the court is Defendant Hospice Compassus's post-trial motion for attorneys' fees and appended exhibits (Docket No. 25) filed on July 2, 2018, with an accompanying memorandum of law (Docket No. 26), which is before the undersigned Magistrate Judge by referral from Judge Trauger. *See* Order at Docket No. 30. For the reasons set forth below, the undersigned Magistrate Judge respectfully recommends that Defendant's motion (Docket No. 25) be DENIED. Alternatively, the undersigned respectfully recommends that Defendant be awarded fees of no more than $1,000.

### I.     BACKGROUND

Plaintiff Levi Nesmith is a former employee of Hospice Compassus, a business located in Brentwood, Tennessee. On October 13, 2017, Plaintiff filed a *pro se* complaint against Defendant, alleging claims of wrongful termination and retaliation based on his race, color, and sex in violation of Title VII. Docket No. 1 at 2. The factual allegations relied upon by Plaintiff were not specifically stated in the complaint, but rather found in his attached EEOC charge of discrimination, in which he alleged race discrimination and retaliation apparently related to his

attendance record, including having missed work to meet with the EEOC to discuss prior charges of discrimination. Docket No. 1 at 6.

With the filing of his complaint, Plaintiff also sought leave to proceed *in forma pauperis*. Docket No. 2. By order entered on October 25, 2017 (Docket No. 4), Plaintiff's *in forma pauperis* application was granted. In its order granting Plaintiff leave to proceed IFP, the Court also addressed the initial review requirement of 28 U.S.C. § 1915(e)(2), pursuant to which the reviewing court must determine, among other things, whether the claims asserted are facially frivolous or malicious or fail to state a claim upon which relief may be granted. Docket No. 4 at 1-2. The Court found that Plaintiff adequately stated colorable claims of discrimination and retaliation under Title VII to permit him to proceed. *Id.* at 2.

On November 21, 2017, Defendant responded to the complaint by filing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Docket No. 7. Defendant argued that the complaint failed to plead sufficient facts to establish any plausible claim of discrimination and that Plaintiff failed to exhaust his administrative remedies as to his color and sex discrimination claims. *See* Memorandum of Law at Docket No. 8.

Plaintiff filed a response in opposition to the motion to dismiss, but the response did not set out any actual arguments and did not address the specific grounds for dismissal raised by Defendant. See Docket No. 10. Instead, Plaintiff attached to his response (1) three documents from a Charge of Discrimination he filed on August 31, 2015, about alleged discrimination and retaliation at one of his prior employers, *see* Docket No. 10 at 5-7; (2) a page from what appears to be Defendant's employee handbook, *id*. at 8; and (3) a page from what appears to be Defendant's response to the EEOC Charge Plaintiff filed regarding his employment with Defendant, *id*. at 9.

2

In a reply to the response, Defendant pointed out that Plaintiff failed to respond to its actual arguments for dismissal. Defendant also argued that none of the attachments offered by Plaintiff cured the deficiency in his complaint concerning the lack of supporting factual allegations for Title VII claims. *See* Docket No. 13.

On February 26, 2018, the undersigned entered a report and recommendation, in which it was recommended that the motion to dismiss be granted. *See* Docket No. 14. The recommended dismissal of Plaintiff's claims of sex and color discrimination were based on his failure to have included any such claims in his EEOC charge of discrimination. Id. at 4. Dismissal of the racial discrimination and retaliation claims was recommended based on insufficient supporting factual allegations. *Id*. at 4-5. Plaintiff filed objections to the Report and Recommendation (Docket No. 15) on March 12, 2018. Defendant filed a response to the objections (Docket No. 17) on March 26, 2018.

By memorandum opinion and order entered by Judge Trauger on June 1, 2018 (Docket No. 21), the report and recommendation was accepted and adopted, and Plaintiff's complaint was dismissed. The June 1 Order noted that Plaintiff did not raise specific objections to the report and recommendation with respect to the discrimination claims, but rather asserted new factual allegations and focused on new causes of action that were not alleged in his complaint. Docket No. 21 at 2-3. The only factual allegations addressed in Plaintiff's objections were "claims that Hospice Compassus made various complaints about his attendance around or on days when he was visiting the EEOC office to discuss discrimination charges." *Id*. at 3. Similarly, Plaintiff failed to adequately specify any objectional findings or recommendations regarding his retaliation claims. Based on these deficiencies in Plaintiff's objections, and upon determination that the report and recommendation applied the proper legal standards, the report and recommendation was

3

"accepted and made the findings of fact and conclusions of law of [the] court" (*id*. at 5), upon which Plaintiff's complaint was dismissed with prejudice.

On June 29, 2018, Plaintiff filed a notice of appeal. Docket 23. On July 2, 2018, Defendant filed the instant motion for attorney's fees, with accompanying affidavits and time records and memorandum of law. Docket Nos. 25 and 26. Defendant seeks $12,997.50 in attorneys' fees "as the prevailing party in having to defend against Plaintiff's numerous frivolous and groundless claims." Docket No. 25 at 1.

By order entered on July 5, 2018 (Docket No. 27), the fees motion was held in abeyance pending conclusion of the appeal filed by Plaintiff of the dismissal of his complaint. (Docket Nos. 21, 22, and 23). Upon the Sixth Circuit's affirmance of this Court's judgment (Docket No. 29), Judge Trauger referred Defendant's motion for fees for determination by the magistrate judge following issuance of a mandate by the Sixth Circuit. (Docket No. 30). The Sixth Circuit's mandate issued on January 2, 2019 (Docket No. 31). On January 7, 2019, the Court entered an order directing Plaintiff Levi Nesmith to file a response to Defendant's motion by February 1, 2019. (Docket No. 32). No response was filed.

## II. APPLICABLE AUTHORITY

Rule 54(d)(2)(D) provides that a motion for attorney's fees may be referred to a magistrate judge under Rule 72(b) "as if it were a dispositive pretrial matter." Fed. R. Civ. P. 54(d)(2)(D). By application of Rule 54(d)(2)(D), the district judge's referral of this matter requires determination by a report and recommendation. *See* Fed. R. Civ. P. 72(b).

Section 706(k) of Title VII affords the district court discretion to award reasonable attorney's fees to the prevailing party in a Title VII action. 42 U.S.C. § 2000e-5(k). The similarity of this language to that in other civil rights fee-shifting status has led courts generally to employ

4

the same standards in determining the propriety of awarding attorney fees. *See Smith v Smythe-Cramer Co.*, 765 F.2d 180, 183 (6th Cir. 1985).

When the prevailing party in a Title VII action is the defendant, a court may award the defendant its attorney's fees if the "court find[s] that [the plaintiff's] claim was frivolous, unreasonable, or groundless or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 422 (1978). As the Supreme Court has explained, this standard is imposed because "assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inherent in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII." *Id*. Trial courts must "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Id*. at 421-22. A court's ultimate determination that a claim is not legally sufficient to be presented to a jury does not, alone, merit an award of attorney's fees to a defendant. *See Smith v. Smythe–Cramer Co.,* 754 F.2d at 183 ("the mere fact that allegations prove legally insufficient to require a trial does not, for that reason alone, render a complaint groundless under *Christiansburg"*) (citing *Hughes v. Rowe,* 449 U.S. 5, 16, (1980)). The party seeking attorney's fees bears the burden of demonstrating entitlement to the award. *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999) (citing *Webb v. Dyer County Bd. of Educ.*, 471 U.S. 234, 242 (1985)).

### III. ANALYSIS

In determining Defendant's request, the Court finds that there can be no dispute that Defendant was the prevailing party in this action, at least as to the ultimate outcome. Thus, the Court turns to evaluation of whether Plaintiff's suit was frivolous, unreasonable or groundless, to

justify an award of fees to Defendant. In doing so the Court notes the well-established principle that in Title VII actions, as in the civil rights context, the extreme sanction of awarding attorney's fees against a losing plaintiff "must be limited to truly egregious cases of misconduct." *Lowery v Jefferson Cnty. Bd. of Educ.*, 586 F.3d 427, 437 (6th Cir. 2009) (citing *Jones v. Continental Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986).[1] *See also Riddle v. Egensperger*, 266 F.3d 542, 547 (6th Cir. 2001) (same).

Contrary to Defendant's contention that the analysis does not change for *pro se* plaintiffs, the Supreme Court has directed that these limitations "apply with special force" in actions initiated by *pro se* parties. *Hughes v. Rowe*, 449 U.S. at 15. Awards of attorney's fees "should rarely be awarded against such plaintiffs" and the fact that a *pro se* plaintiff's complaint, "even when liberally construed, cannot survive a motion to dismiss does not, without more, entitle the defendant to attorney's fees." *Id*. As noted by the Supreme Court, "[a]n unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims." *Id*.

Defendant has failed to meet its heightened burden of showing that this is a truly "extreme" or "egregious" *pro se* Title VII case in which Plaintiff should bear Defendant's considerable attorney's fees. While Defendant argues that Plaintiff's claims were frivolous, this Court made no such finding. In fact, in evaluating the claims for the initial review required by 28 U.S.C.

---

[1] Indeed, the Sixth Circuit has often vacated awards of attorney's fees by district courts that did not so limit the scope of such an award. *Lowery*, 586 F.3d at 437 (citing *Sensations, Inc. v. City of Grand Rapids,* 526 F.3d 291, 300 (6th Cir.2008); *Revis v. Meldrum,* 489 F.3d 273, 293 (6th Cir.2007); *Lisle v. Met. Gov't of Nashville & Davidson County,* 73 Fed.Appx. 782, 791 (6th Cir.2003); *Tahfs v. Proctor,* 316 F.3d 584, 596 (6th Cir.2003); *Dubuc v. Green Oak Twp.,* 312 F.3d 736, 755 (6th Cir.2002); *Riddle v. Egensperger,* 266 F.3d 542, 553 (6th Cir.2001); *see also Salkil v. Mt. Sterling Twp. Police Dep't,* 458 F.3d 520, 532 (6th Cir.2006) (reversing under same standard of review for 28 U.S.C. § 1927)).

§ 1915(e)(2), the Court found that Plaintiff adequately stated colorable claims of discrimination and retaliation under Title VII to permit him to proceed. *See* Docket 4 at 2. Although Plaintiff's claims were ultimately dismissed for lack of factual support, the Court cannot ignore the context in which the claims were found to be deficient.

Plaintiff's sex and color discrimination claims were dismissed because he failed to include those specific claims in his EEOC charge, in effect for lack of subject matter jurisdiction because of Plaintiff's failure to exhaust administrative remedies.[2] This is a technical deficiency that a *pro se* plaintiff would not ordinarily recognize. *See Pryzina v. Levy*, 813 F.2d 821, 823-24 (7th Cir. 1987) ("[W]e have recognized that arguments that a lawyer should or would recognize as clearly groundless may not seem so to the *pro se* [plaintiff]. This is particularly true where a case turns on a somewhat obscure jurisdictional ground.")

Plaintiff's remaining claims of race discrimination and retaliation were dismissed for failure to adequately plead those claims, that is for failure to offer adequate factual support to demonstrate the plausibility of those claims under the standards articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). This test of the sufficiency of the pleadings is one with which attorneys routinely struggle, and the Court declines to find that Plaintiff should have any greater understanding. Likewise, other subtleties specific to Title VII escaped recognition by Plaintiff. For example, Plaintiff alleged some general unfair or different treatment than other employees, which might, to the lay person, seem discriminatory, but which does not give rise to a claim under Title VII. *See* Docket No. 14 at 4-5 (citing *Washington v. Cambridge East*, 2012 WL 5363785, at *3 (E.D. Mich. Oct. 30, 2012) for principle that Title VII

---

[2] Defendant also recognizes the dismissal was one for lack of jurisdiction. *See* Docket No. 26 at 4.

does not address general unfairness in the workplace). Plaintiff's failure to recognize that legal distinction was not, however, either extreme or egregious. Additionally, Plaintiff's retaliation claim was found deficient because of the timing of his termination. *Id*. at 5 and Docket No. 21 at 4. This is another technical application of Title VII about which Plaintiff's lack of awareness is neither extreme nor egregious. Overall, the pleading deficiencies do not convince the Court that an award of attorney's fees to Defendant is appropriate

The Court appreciates that Plaintiff's lawsuit required Defendant to expend resources, but the case was dismissed on an early Rule 12(b)(6) motion. The Court does not find enough evidence of extreme conduct or egregiousness by Plaintiff to warrant the award of fees to Defendant, and therefore recommends that Defendant's motion be denied.

Alternatively, should the District Judge determine that fees are properly awarded to Defendant, the Court must consider the reasonableness of the requested fees calculated by a "lodestar," which is the proven number of hours reasonable expended multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. at 433. The fee applicant bears the burden of proving a reasonable fee. *Id*. Even when the request for fees is unopposed, "the [c]ourt has an independent duty to review the fee request to determine its reasonableness." *State Farm Fire & Cas. Co. v. Rowland Plumbing, Ltd.*, 2013 WL 5442302, at *2 (N.D. Ohio Sept. 27, 2013) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

While the lodestar method is the appropriate starting point for determining attorney's fees, the inquiry does not end there. Other considerations, including the time and labor required, may compel adjustments to the requested fees.[3] Plaintiff's ability to pay is such an additional

---

[3] A district court can consider the twelve factors from *Johnson v. Georgia Highway Express, Inc.* out of the Fifth Circuit. *See Paschal v. Flagstar Bank,* 297 F.3d 431, 435 (6th Cir.2002); *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974)

8

consideration. In the Sixth Circuit, "a nonprevailing plaintiff's ability to pay may be used as a factor to determine the size of the award, but not whether an award is appropriate in the first place." *Wolfe v. Perry*, 412 F.3d 707, 723 (6th Cir. 2005).[4]

Other than an affidavit from the lead attorney representing Defendant (Docket No. 25-1 at 2-7) and an affidavit of another local attorney attesting to the reasonableness of the hourly rates of Defendant's attorney (Docket No. 25-1 at 2-3), Defendant offers little in the way of evidence or argument that the requested fees are reasonable.[5] Rather, Defendant seems to presume that the fees are reasonable because the time was spent, resting primarily on its argument that an award of fees is necessary to deter groundless lawsuits. The Sixth Circuit, in *Wolfe v. Perry*, noted this same deterrent consideration for frivolous lawsuits. 412 F.3d at 724. But there was no finding of frivolousness here. Moreover, the Sixth Circuit also concurred with the Ninth Circuit's cautionary reminder that "[w]hile an award of attorney's fees for a frivolous lawsuit may be necessary to

---

(*abrogated on other grounds by Blanchard v. Bergeron,* 489 U.S. 87, 92–93, 109 S.Ct. 939, 103 L.Ed.2d 67(1989) ((1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.).

[4] The Court acknowledges that in *Wolfe*, the Sixth Circuit cited a case in which an attorney's fee award was upheld based on the plaintiff's failure to set forth a *prima facie* case of racial discrimination or retaliation. 412 F.3d at 719-20 (citing *Wilson-Simmons v. Lake County Sheriff's Department*, 207 F.3d 818 (6th Cir. 2000). In that case, unlike here, the plaintiff was represented by counsel, whom the district court also sanctioned. *Wilson-Simmons*, 207 F.3d at 823-824. Further, in affirming the award of attorney's fees to the defendant, the Sixth Circuit expressly noted that "[a]wards to prevailing defendants will depend on the factual circumstances of each case." *Id*. at 823 (quoting *Smith v. Smythe-Cramer*, 754 F.2d at 183).

[5] Defendant submitted the affidavit of another Nashville attorney, Kara Shea, who attested to the reasonableness of the hourly rates charged by Defendant's counsel. *See* Docket No. 25-2. Given that affidavit and the experience of the attorneys, the Court detects nothing that indicates the rates charged were unreasonable.

9

fulfill the deterrent purposes of [a particular statute] …, the award should not subject the plaintiff to financial ruin." *Id.* (quoting *Miller v. L.A. County Bd. of Educ.*, 827 F.2d 617, 621 (9th Cir. 1987).

This case was dismissed on Defendant's Rule 12(b)(6) motion. The Court finds that the time spent reviewing and responding to Plaintiff's complaint, by multiple attorneys, is not commensurate with the arguments made by Defendant that the complaint was completely lacking in foundation. In other words, it should not have required more than $11,000 in attorney fees to obtain dismissal of this complaint.[6] Much of the time spent included multiple revisions to a relatively simple motion to dismiss and a reply to Plaintiff's response in opposition to the motion. *See* Docket No. 25-1 at 6-7. Time for the drafting, revising and finalizing the motion to dismiss was billed by both an associate and a shareholder. *Id.* This duplication and the excessiveness of the time spent generally compels a reduction in the requested fees.

Additionally, some of the fees requested by Defendant relate to a motion for summary judgment (Docket No. 18) that was filed by Plaintiff while the report and recommendation was pending. The motion was stayed upon the request of Defendant in a two-page motion. *See* Docket Nos. 19 and 20. However, the billing records reflect more than 5 hours spent reviewing the motion for summary judgment and drafting, revising and filing the two-page motion to stay, at a total billing of approximately $1,565. Since no action was taken by the Court on the merits of this motion, Defendant is arguably not a prevailing party as to this matter and therefore this time is excludable from any fee award. Further, the time spent by Defendant's counsel on this matter is excessive, and, for that additional reason non-compensable.

---

[6] As noted below, some $1,565 was spent on a motion for summary judgment, which was not ruled on by the Court, and for which Defendant is not entitled to fees under any circumstances.

Here, Plaintiff proceeded *in forma pauperis*. *See* Docket Nos. 2 and 4. Based on his IFP application, Plaintiff appears to have been unemployed at the time of the filing of the lawsuit and had no other source of income. Docket No. 2 at 1-2. Plaintiff's most recent listed employment was a temporary job for which he received gross monthly pay of $2,400. Plaintiff listed no real property assets.[7] Given Plaintiff's financial condition, as stated in his IFP application, the Court finds that, even if an award of fees is appropriate, the amount requested by Defendant is not reasonable.

Additionally, "[a]lthough bad faith need not be considered in determining whether attorney fees should be awarded, indications of bad faith are important in assessing the amount to be awarded – i.e. plaintiff's ill motives warrant imposition of a greater amount of attorney fees than a claim which was pursued in good faith but was groundless." *Bateau v. Skelton*, 1984 WL 37, at *3 (E.D. Mich. July 19, 1984) (citations omitted) (defendant awarded fees, but only 10% of requested amount). The Court may also appropriately consider whether Defendant is in a better position to "absorb the costs of litigation than [P]laintiff." *Id*. Nothing before the Court establishes that Plaintiff was acting in bad faith. Further, while the Court does not suppose that Defendant is in the same financial category as the defendant in the *Bateau* case (General Motors), given Plaintiff's IFP status, there is an imbalance of relative wealth between the parties, which further supports a reduction in the requested fees.

Because the Court recommends that Defendant's motion be denied, the Court has not addressed in detail every basis upon which Defendant's requested fees might appropriately be reduced. Rather given the entirety of this case, including Plaintiff's ability to pay, the Court finds

---

[7] Plaintiff did not list ownership of a car, but did schedule an expense for a car loan, indicating the he owned a car at that time. Docket No. 2 at 3-4.

11

Case 3:17-cv-01371 Document 33 Filed 02/14/19 Page 11 of 12 PageID #: 156

and therefore RECOMMENDS that, if any fee is appropriate at all, a fee of no more than $1,000 is a reasonable award.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned respectfully RECOMMENDS that Defendant's motion for an award of attorney's fees (Docket No. 25) be DENIED. Alternatively, if Defendant is awarded fees, the undersigned RECOMMENDS that fees of no more than $1,000 be awarded.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. See Fed. R. Civ. P. 72(b)(2) and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to objections must be filed within fourteen (14) days of service of the objections. *See* Fed. R. Civ. P. 72(b)(2) and Local Rule 72.02(b).

    Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge